**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X   06 CV 1842 (NG) (KAM)
**SHADY GROVE ORTHOPEDIC ASSOCIATES,**
**P.A. and SONIA E. GALVEZ, on behalf of**
**themselves and all others similarly situated,**

                             **Plaintiffs,**

   **-against-**                                         **OPINION AND ORDER**

**ALLSTATE INSURANCE COMPANY,**

                             **Defendant.**
------------------------------------------------------------------X

**GERSHON, United States District Judge:**

Plaintiffs Shady Grove Orthopedic Associates, P.A. ("Shady Grove") and Sonia E. Galvez bring this class action against defendant Allstate Insurance Company ("Allstate") for Allstate's alleged failure to pay statutory interest penalties owed to New York customers on overdue no-fault benefits. Plaintiffs do not seek recovery of the benefits themselves, which they concede were eventually paid by Allstate, but rather seek payment of the statutory interest penalties allegedly withheld by Allstate in connection with the overdue payments. To that end, plaintiffs request declaratory judgment that Allstate's automobile insurance policies contain an implied representation that Allstate will address no-fault claims in a manner consistent with New York Insurance Law ("N.Y. Ins. Law") § 5106 and Part 65-3 of Title 11 of the New York Compilation of Codes, Rules and Regulations ("N.Y.C.R.R.") and assert claims against Allstate for breach of contract, bad faith breach of contract, and violation of N.Y. Ins. Law § 5106. On behalf of a putative class, plaintiffs seek damages in excess of $5,000,000 and assert diversity jurisdiction under 28 U.S.C. § 1332(d)(2)(A). Plaintiffs acknowledge that their individual claim, for approximately $500 in

1

damages, fails to meet the monetary requirement for diversity jurisdiction. Allstate now moves to dismiss the claims asserted against it by plaintiffs Shady Grove and Galvez. For the reasons set forth below, the motion to dismiss is granted.

**FACTS**

The allegations in the Complaint, described below, are taken as true for the purposes of defendant's motion to dismiss.

Allstate is an Illinois corporation that engages in the business of insurance. As part of that business, Allstate regularly sells automobile insurance within the State of New York. Since at least April 2000, Allstate has been among the most prolific underwriters of automobile insurance, including no fault-coverage, in the State of New York. At all times relevant to this case, Allstate has derived substantial revenues and profits from the sale of such insurance products in New York.

Shady Grove is a Maryland corporation established for the practice of orthopedic medicine. On more than one occasion, Shady Grove's employees rendered medical care and physical therapy to plaintiff Sonia E. Galvez for injuries she sustained in an automobile accident that occurred on May 20, 2005. Ms. Galvez resides in Maryland, but is a named insured under an Allstate "New York Private Passenger Auto Insurance Policy" (the "Allstate policy") which was in effect at the time of the accident.

As part payment for treatment, Ms. Galvez assigned to Shady Grove certain of her rights with respect to first-party no-fault benefits under the Allstate policy. Specifically, Ms. Galvez signed two documents authorizing (i) Shady Grove to apply for benefits from Allstate, and (ii) Allstate to pay the benefits directly to Shady Grove. The first document, titled "Patient Authorization", contains the following language:

> I Sonia Galvez hereby authorize Shady Grove Orthopaedic Associates, P.A., to apply for benefits on my behalf for covered services rendered by Shady Grove Orthopaedic Associates, P.A. I request payment from _____ be made directly to Shady Grove Orthopaedic Associates, P.A.

(Compl., Ex. A.). The second document, an "authorization and assignment form", provides as follows:

> I also requested that the insurance company pay directly to Shady Grove Orthopaedic Associates, P.A., any PIP benefits due me on their bill for professional services rendered in connection with these injuries.

(*Id*.).

Pursuant to Ms. Galvez's authorization, Shady Grove tendered to Allstate claims for first-party no-fault benefits under N.Y. Ins. Law § 5106 and Part 65-3 of Title 11 of the N.Y.C.R.R., in connection with the injuries Ms. Galvez suffered as a result of the collision. Allstate failed to make payment of the benefits within the time frame prescribed by N.Y. Ins. Law § 5106(a) and Part 65-3 of Title 11 of the N.Y.C.R.R., rendering the benefits overdue and thus subject to a statutory interest penalty of two percent. To date, Allstate has failed to make payment – to either Shady Grove or Ms. Galvez – of the statutory interest that, according to plaintiffs, continues to accrue.

Plaintiffs Shady Grove and Sonia E. Galvez commenced this lawsuit on April 20, 2006, on behalf of themselves and all others similarly situated. The proposed class, as defined in the complaint, includes all persons to whom Allstate owes interest under N.Y. Ins. Law § 5106 and Part 65-3 of Title 11 of the N.Y.C.R.R. with respect to claims for first-party no-fault benefits arising since April 20, 2000. Plaintiffs contend that Allstate routinely fails to pay covered claims for first-party no-fault benefits within the statutorily mandated time period and routinely ignores its obligation to pay the statutory interest owed in such cases. Additionally, plaintiffs allege that Allstate routinely and falsely claims to have never received the insured's proof of loss in the first

instance, so as to avoid violation of the statutory time restrictions.

Pursuant to those allegations, plaintiffs seek declaratory judgment and bring claims for breach of contract, bad faith breach of contract, and violations of N.Y. Ins. Law § 5106.[1] In addition, plaintiffs request that this court enter an order certifying the plaintiff class and appointing Ms. Galvez and Shady Grove's counsel to represent that class, pursuant to Rule 23 of the Federal Rules of Civil Procedure. As a class, plaintiffs seek a declaration establishing the parties' rights, duties, status or other legal relations under the affected insurance contracts. Finally, plaintiffs seek compensatory damages in the form of interest owed to Shady Grove, Galvez and all others similarly situated.

## DISCUSSION

### I. Standard for a Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). In considering a motion to dismiss, the court must accept as true all factual allegations set forth in the pleading and draw all reasonable inferences in favor of the plaintiff. *Phelps v. Kapnolas*, 308 F.3d 180, 184 (2d Cir. 2002).

### II. New York Law

In this diversity action, state substantive law applies. Because plaintiffs, on behalf of a putative class, assert claims based on Allstate's alleged failure to comply with New York State's

---

[1] Plaintiffs initially brought an additional claim for violation of New York General Business Law § 349 but subsequently, by letter dated August 18, 2006, withdrew it.

Motor Vehicle No-Fault Insurance Law, a brief description of relevant New York law is appropriate.

### A. New York's No-Fault Insurance Law

Under New York State's Motor Vehicle No-Fault Insurance Law[2] (the "no-fault statute"), automobile insurers are required to reimburse policyholders (or insureds), for certain "basic economic loss" (also known as "no-fault benefits"). *See* N.Y. Ins. Law § 5102(a)(1). Insureds can assign their right to payment for no-fault benefits to health care providers who, in turn, may submit claims directly to insurance companies and receive payment for the claims.

To effectuate the prompt and efficient resolution of claims under the no-fault statute, the New York State Superintendent of Insurance, in 1977, adopted regulations establishing time frames in which to submit forms and notices pertaining to such claims. *See generally Medical Soc'y v. Serio*, 100 N.Y.2d 854 (2003). In their current form,[3] the regulations require that the insured, or her assigned provider, submit proof of loss arising from medical treatment within 45 days from the date of treatment. *See* N.Y.C.R.R. tit. 11 § 65-1.1(d). The insurance company, in turn, has 30 days from receipt of the claim to (i) pay the policyholder (or the medical provider if the claim was assigned) or (ii) deny the claim. *See* N.Y. Ins. Law § 5106(a); N.Y.C.R.R. tit. 11 § 65-3. Payments made by the insurance company after the 30-day period are deemed "overdue" and subject to a penalty of two percent interest calculated monthly. *See* N.Y. Ins. Law § 5106(a); N.Y.C.R.R. tit. 11 §§ 65-3.8(a)(1), 65-3.9(a). The 30-day period can be extended under certain circumstances if the insurer timely requests verification of the medical services for which reimbursement is sought. *See* N.Y.C.R.R. tit. 11 § 65-3.5. In that situation, payment must be made within 30 days after the

---

[2] Codified at N.Y. Ins. Law §§ 5101 *et seq*.

[3] Significant revisions were made to the regulations in 2002, resulting in a reduction in the time frames applicable to the filing of notices and proofs of claims.

information is supplied to the insurer. *See* N.Y. Ins. Law § 5106(a). In sum, the no-fault statute was enacted to provide prompt payments of uncontested medical bills.

### B. New York's Limitation on Class Actions

Section 901(b) of the New York Civil Practice Law and Rules ("C.P.L.R.") bars the use of the class action mechanism to collect a statutory penalty unless class relief is specifically authorized in the underlying statute. Specifically, § 901(b) provides:

> Unless a statute creating or imposing a penalty, or a minimum measure of recovery specifically authorizes the recovery thereof in a class action, an action to recover a penalty, or minimum measure of recovery created or imposed by statute may not be maintained as a class action.

*Id.* This subdivision was "designed to discourage massive class actions for statutory violations where it would be difficult to identify the members of the class and where recovery of the statutory minimum by each member results in a 'annihilatory punishment.'" C.P.L.R. § 901, cmt. C901:11 (McKinney 2005).

Although certification in class actions brought under diversity jurisdiction is governed by the requirements set forth under Rule 23 of the Federal Rules of Civil Procedure, the right to bring a class action in New York, in both federal and state court, is subject to the limitation imposed by § 901(b) of the C.P.L.R.. *See, e.g., Leider v. Ralfe,* 387 F.Supp.2d. 283 (S.D.N.Y. 2005); *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 95 (S.D.N.Y. 2001); *Dornberger v. Metropolitan Life Ins. Co.*, 182 F.R.D. 72, 84 (S.D.N.Y. 1998). As Judge Leonard Sand stated in *Dornberger*:

> Whereas this Court is bound by [Rule 23 ] in this action, the strictures of [§ 901(b)] do not contravene any federal rule. This situation does not warrant an invocation of the Supremacy Clause or a discussion of the overlapping scope of [§ 901] and Rule 23 . It would be patently unfair to allow a plaintiff an attempt at recovery in federal court for a state law claim that would be barred in state court.

182 F.R.D. at 84.

Plaintiffs, not surprisingly, argue that § 901(b) is procedural and therefore not applicable to class actions brought in federal court under diversity jurisdiction. As support for their position, plaintiffs cite three cases, two of which, *In re Oot*, 112 B.R. 497 (Bankr. N.D.N.Y. 1989), and *In re Peters*, 90 B.R. 588 (Bankr. N.D.N.Y. 1988), fail even to address the issue at hand. Both cases relate only to the procedural requirements of § 901(a) of the C.P.L.R., the New York state analogue to Rule 23. While both *Peters* and *Oot* held that Rule 23, rather than § 901(a), governs the prerequisites to class certification in diversity cases brought in federal court, neither addressed § 901(b)'s limitation on recovering penalties via the class action mechanism. Accordingly, those cases provide no support for plaintiffs' position.

The final case on which plaintiffs rely is *Wesley v. John Mullins & Sons, Inc.*, 444 F. Supp. 117 (E.D.N.Y. 1978). There, the court contemplated whether it should assert pendent jurisdiction over a claim based on state law which provided for recovery far in excess of the amount permitted by a parallel federal statute. The disparity in potential recovery arose because the state statute provided for recovery of statutory penalties which were considerably greater than those permitted by the federal statute. Because the class was seeking penalties, the court noted, § 901(b) prohibited the class action from being brought in state court. Rather than allowing this "anomaly" to continue in the federal forum, the court declined to exercise pendent jurisdiction over the state claim and decertified the class. In a footnote at the conclusion of its analysis, however, the court recognized that it "might have power to exercise pendent jurisdiction over the state class claims if the amount of recovery sought thereunder were limited to that permissible under [the federal statute]." *Id.* at 120 n.12. Such a result, the court continued, would among other things "circumvent the prohibition

7

against class actions under C.P.L.R. § 901(b)." *Id.* From this dictum, which appears not to have arisen from any briefing of the issue, plaintiffs infer that § 901(b) is procedural and thus non-applicable to federal adjudication of diversity actions. In the face of several recent federal decisions explicitly and persuasively holding that § 901(b) applies to diversity actions in federal court, I decline to adopt plaintiffs' argument.

**III.    Standing**

Before analyzing plaintiffs' claims in light of controlling New York state law, it is necessary to address whether Shady Grove or Galvez has standing to bring the instant action. Indeed, only one of the two named plaintiffs is entitled to collect the statutory interest to which both make claim in the complaint. Accordingly, only one of them has standing to seek recovery in this court.

Under New York law, a medical provider who is the assignee of no-fault benefits is the real party in interest. *See, e.g., Craniofacial Pain Mgt. v. New York Cent. Mut. Fire Ins. Co.*, 186 Misc.2d 309, 310 (N.Y. Civ. Ct. Queens Co. 2000) (holding that language assigning no-fault rights equal to the full amount of a bill for services rendered "evinces an intent to transfer all rights and interests for no-fault benefits by the assignor to the provider"). Where a provider has received a complete assignment, it alone is entitled to receive the statutory interest on associated overdue benefits. *See, e.g., Star Med. Servs., P.C. v. Allstate Ins. Co.*, 11 Misc.3d 128(A) (N.Y. App. Term 2006).

After receiving treatment for her injuries, Galvez assigned her rights to apply for and receive payment of benefits from Allstate to Shady Grove. Indeed, her signature on both the "Patient Authorization" and the "Authorization and Assignment" forms (referenced above) evidence that Galvez assigned to Shady Grove the right to receive full payment for "services rendered by Shady

8

Grove" directly from Allstate. While these documents do not specifically address whether Shady Grove is entitled to interest on overdue benefits, the language contained in the forms "evinces an intent to transfer all rights and interests for no-fault benefits" by Galvez to Shady Grove. *See Craniofacial Pain Mgt.*, 186 Misc.2d at 310. Accordingly, Shady Grove is alone entitled to seek recovery of the statutory interest.

Common sense supports this result, as Shady Grove was the only party that suffered the out-of-pocket expenses associated with the late payments. Galvez, on the other hand, bore no such expense and received treatment in exchange for her complete assignment to her medical provider. Shady Grove provided Galvez treatment with the expectation that it would be reimbursed for its services in a timely manner. Allstate's alleged failure to do so, then, frustrated the expectations of Shady Grove, not Galvez.

Finally, the plain language of both § 5106(a) and the implementing regulations confirms that medical providers, as assignees, may recover the statutory penalty interest on overdue no-fault claims. Section 5106(a), for example, permits the "claimant," as opposed to the "insured" or "policyholder," to recover the interest. Furthermore, the regulations governing interest on overdue payments requires that such interest be paid to "the applicant or the applicant's assignee without demand therefore." N.Y.C.R.R. tit. 11 § 65-3.9(a). This provision, by its express terms, contemplates that, upon assignment, interest will be paid to the assignee.

Because Galvez made a complete assignment of her rights and interests in her no-fault benefits to Shady Grove, she no longer retains an interest in them. Accordingly, Galvez, as assignor, lacks standing to bring the instant action. Shady Grove, on the other hand, is the real party in interest in regard to the no-fault benefits at issue and therefore has standing to bring suit.

## IV. Plaintiffs' Claims

Although plaintiffs bring four separate claims in this action, the gravamen of their allegations is that Allstate failed to pay statutory interest on overdue no-fault benefits as required by § 5106(a) of the N.Y. Ins. Law.

### A. Violations of Section 5106(a)

Plaintiffs allege, on behalf of a putative class, that Allstate routinely violated N.Y. Ins. Law § 5106(a) by withholding statutory interest on overdue no-fault claims. As previously noted, however, § 901(b) of the C.P.L.R. disallows maintenance of a class action when the statute under which the action is being brought imposes a penalty. The two percent monthly interest imposed by § 5106(a), and sought by the plaintiffs, is such a penalty, established by the legislature to be assessed against those insurers who do not expeditiously settle a claim under the no-fault statute. *See Cardinell v. Allstate Ins. Co.*, 302 A.D.2d 772, 774 (3d Dep't 2003). As the court in *Cardinell* observed, "the objective of the [5106] statute and regulation is to assure prompt and full payment of economic claims, and the designated interest rate is designed to inflict an economic sanction or penalty on those insurers who do not comply." *Id.* (internal citations omitted). The court continued, "[s]aid differently, the statute and regulation are punitive, with severe penalties, to encourage prompt adjustments of claims." *Id.* (internal quotation marks omitted). Because § 5106(a) imposes a two percent interest penalty, § 901(b) of the C.P.L.R. bars plaintiffs from seeking recovery of it in a class action.

Plaintiffs' argument that the exception in § 901(b)'s "unless clause" applies is rejected. Under a plain reading of § 901(b), where a statute creates a penalty, the statute itself must "specifically authorize[] the recovery thereof in a class action." Section 5106(a) contains no such

authorization.

Plaintiffs do not deny that § 5106(a) is devoid of authorizing language, but cite to an implementing regulation, Part 65-3.9(c) of Title 11 of the N.Y.C.R.R., as support for their contention that a class action is permissible here. That regulation, which refers to "a class action brought for payment of [overdue] benefits," prescribes the accrual date for the statutory interest that would accompany such benefits in the event of a judgment.[4] N.Y.C.R.R. tit. 11 § 65-3.9(c). Plaintiffs contend that this reference illustrates that "New York's statutory no-fault scheme expressly contemplates the recovery of the interest penalty in a class action setting . . . ." Pls. Mem. at 17.

Plaintiffs' conclusion that such language overcomes § 901(b)'s prohibition of class actions is incorrect. To begin with, § 901(b) states that, where penalties are created by statute, the statute itself must authorize the use of a class action to recover those penalties. Therefore, language in an implementing regulation is insufficient. In any event, plaintiffs' argument that § 901(b)'s "unless clause" is triggered because the regulation "expressly contemplates" the recovery of a penalty in a class action is flawed. Even were the language contained in a regulation sufficient, such "contemplation" does not invoke the "unless clause," which requires use of a class action to be "specifically authorized." Finally, the regulation on which plaintiffs rely could, at best, be read to contemplate a class action for the recovery of benefits, not statutory penalties. Indeed, nothing in

---

[4] Part 65-3.9(c) of Title 11 of the N.Y.C.R.R. provides:
> If an applicant does not request arbitration or institute a lawsuit within 30 days after the receipt of a denial of claim form or payment of benefits calculated pursuant to Insurance Department regulations, interest shall not accumulate on the disputed claim or element of claim until such action is taken. If any applicant is a member of a class in a class action brought for payment of benefits, but is not a named party, interest shall not accumulate on the disputed claim or element of claim until a class which includes such applicant is certified by court order, or such benefits are authorized in that action by Appellate Court decision, whichever is earlier.

11

Part 65-3.9(c) of Title 11 of the N.Y.C.R.R. purports to authorize the use of a class action to recover a penalty; the regulation refers only to a class action "brought for payment of benefits," something not precluded by § 901(b) of the C.P.L.R.

In sum, § 901(b) precludes use of the class action mechanism to collect statutory interest pursuant to § 5106(a). Accordingly, the class action aspect of plaintiffs' § 5106(a) claim is dismissed. Because plaintiff Shady Grove concedes that its individual claim does not meet the amount in controversy requirement under 28 U.S.C. § 1332, this court has no diversity jurisdiction to consider it. Therefore, Shady Grove's individual claim for Allstate's alleged violation of § 5106(a) is dismissed for lack of subject matter jurisdiction.

### B.  Breach of Contract / Bad Faith Breach of Contract

Plaintiffs request declaratory judgment that contained in Allstate's automobile insurance policies is an "implied representation of fact" that "Allstate will address claims for first-party no-fault benefits in a manner consistent with the requirements of N.Y. Ins. Law § 5106 and 11 NYCRR 65.15." Compl. ¶ 41. Based on this premise, plaintiffs allege that Allstate breached its contractual obligations to Shady Grove, and all others similarly situated, by failing to pay statutory interest on overdue benefits as required by § 5106. In addition, plaintiffs bring a claim for bad faith breach of contract, alleging that Allstate's failure to make interest payments was knowing and intentional, constituting a widespread and systematic failure directed at consumers generally.

Allstate argues that, although plaintiffs have attached a full copy of Allstate's policy to its answering brief, plaintiffs fail to identify any contractual provision in that policy from which such claims can be inferred. In deciding this motion to dismiss, the court can review the policy provided by plaintiffs, even though it was not attached to the complaint, because it is integral to the complaint

and was referred to therein. *See Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001); *Schnall v. Marine Midland Bank*, 225 F.3d 263, 266 (2d Cir. 2000).

Plaintiffs' claims are based on a theory that Allstate has fully incorporated N.Y. Ins. Law § 5106 into its insurance policies. Indeed, plaintiffs acknowledge that any contractual rights they claim are derived from § 5106(a) and are not, *e.g.*, bargained-for rights to liquidated damages. Assuming plaintiffs' allegations to be true, Allstate incorporated into its policies not only the obligation to pay statutory interest on overdue benefits pursuant to § 5106(a), but also the limitations associated with recovery of that interest under that statute. Because § 5106(a) does not specifically authorize the use of class actions to recover the statutory penalty, a claim for breach of contract, based on the terms obligating Allstate to comply with § 5106(a), cannot be brought as a class action.

In sum, even if there were an express incorporation of § 5106(a) in the contract, which there is not, plaintiffs could not avoid § 901(b)'s bar on class actions by couching their claim in contractual terms. For that reason, it is unnecessary to address plaintiffs' argument that the contract implicitly incorporates the statute. The class action aspect of plaintiffs' breach of contract and bad faith breach of contract claims is dismissed. Moreover, plaintiff Shady Grove does not, in its individual capacity, assert contractual claims in excess of $75,000. Therefore, those claims fail to meet diversity jurisdiction requirements and are dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss is granted in its entirety.

**SO ORDERED.**

_____/s/_____
**NINA GERSHON**
**United States District Judge**

Dated: Brooklyn, New York
December 15, 2006