# SEYFARTH SHAW LLP
ATTORNEYS

620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500
fax (212) 218-5526
www.seyfarth.com

Writer's direct phone
212-218-5554

Writer's e-mail
ahahn@seyfarth.com

June 15, 2010

**VIA ECF AND FEDERAL EXPRESS**
The Honorable Nina Gershon, U.S.D.J.
United States District Court
  for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    **Shady Grove Orthopedic Associates, P.A., et al. v. Allstate Insurance Company**
              **Case No. CV 06 1842 (NGG) (JO)**

Dear Judge Gershon:

      On behalf of defendant Allstate Insurance Company ("Allstate"), we write to request a pre-motion conference in connection with Allsate's anticipated motion to dismiss, to be filed in lieu of an answer to the Complaint, pursuant to Fed. R. Civ. P. 12(b)(6).

      As the Court is already familiar, the instant action involves New York's Motor Vehicle No-Fault Insurance Law, pursuant to which automobile insurers are required to reimburse policyholders for injuries sustained in accidents regardless of fault. Plaintiff Shady Grove Orthopedic Associates, P.A. ("Shady Grove" or "Plaintiff") seeks to recover from Allstate the 2% monthly interest penalty on alleged overdue benefits payments for medical services rendered on behalf of Allstate's insured, Sonia Galvez.

      Although this Court's dismissal of Shady Grove's claims based upon New York's limitation of class actions for recovery of statutory penalties, pursuant to C.P.L.R. § 901(b), was ultimately reversed by the U.S. Supreme Court, there are, nevertheless, other aspects of this Court's December 15, 2006 decision that Plaintiff did not appeal, and are therefore, still the law of the case; namely, the dismissal of Ms. Galvez and dismissal of Shady Grove's breach of contract and bad faith breach of contract claims.[1] *Shady Grove*, 466. F. Supp. 2d at 473-74, 476. Similarly, there are other alternative arguments for dismissal that Allstate asserted in its initial motion papers that this Court did not address in its December 15, 2006 decision, and which provide an independent basis for partial or complete dismissal of Shady Grove's claims. Allstate, accordingly, intends to file a new motion to dismiss, based upon these and other

---

[1]     As previously ruled by this Court in its December 15, 2006 decision with respect to Allstate's initial motion to dismiss, Ms. Galvez, herself, is no longer a plaintiff in this action by virtue of having assigned the rights to apply for and receive benefits payments to Shady Grove. *Shady Grove Orthopedic Assocs. v. Allstate Ins. Co.*, 466 F. Supp. 2d 467, 473-74 (E.D.N.Y. 2006).

BRUSSELS | WASHINGTON, D.C. | SAN FRANCISCO | SACRAMENTO | NEW YORK | LOS ANGELES | HOUSTON | CHICAGO | BOSTON | ATLANTA



The Honorable Nina Gershon, U.S.D.J.
Page 2

independent grounds, and respectfully requests that this Court schedule a pre-motion conference in connection with the intended motion.

In brief, Allstate intends to argue as follows:

1. <u>Shady Grove's claims are moot.</u> Allstate has long since paid the alleged statutory penalties to which Shady Grove claims it was entitled. As no class has yet been certified, Shady Grove cannot be deemed an adequate representative and the entire action should be dismissed as moot. *See Bowens v. Atlantic Maintenance Corp.*, 546 F. Supp. 2d 55, 75 (E.D.N.Y. 2008) (holding that in general, if the claims of the named plaintiffs in class action become moot prior to class certification, the entire action becomes moot).

2. <u>The putative class cannot meet the jurisdictional thresholds under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA").</u> Plaintiff's counsel previously conceded before this Court that Shady's Grove's claim for the interest penalty only (2% of less than a thousand dollars) would be a monetary amount that would, at best, "number in the hundreds." (<u>See</u> Transcript of proceedings, dated March 9, 2006, 2:22 to 2:24). The putative class based upon the allegations of the Complaint, thus far consisting only of Shady Grove, quite simply cannot meet the 100 member minimum and/or the $5,000,000 damages threshold required under CAFA. Plaintiff's conclusory speculation that the class includes over 1,000 members would still fall short of $5,000,000 in damages, even if each member were entitled to $1,000 in interest penalties. *See, e.g., Ramirez v. Dollar Phone Corp.*, 668 F. Supp. 2d 448, 450 (E.D.N.Y. 2009.)

As recently reiterated in this District, if the damages allegation is challenged, the party seeking to invoke federal jurisdiction, "has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount." *Blumer v. Acu-Gen Biolabs, Inc.*, 638 F. Supp. 2d 81, 86 (E.D.N.Y. 2009). Sheer speculation as to the size of the potential class and amount in controversy, as is the case here, is inappropriate to confer this Court with jurisdiction. *Atteberry v. Esurance Ins. Servs., Inc.*, 473 F. Supp. 2d 876, 878 (N.D. Ill. 2007).

3. <u>Plaintiff's individual causes of action must be dismissed for failure to state a claim.</u> Allstate's initial moving papers sought dismissal of the individual counts of the Complaint. (*See* Memorandum of Law in Support of Allstate's Motion to Dismiss, dated July 12, 2006, at 12-15.) Having previously determined that C.P.L.R. § 901(b) disposed of Plaintiff's class action claims, these arguments were not previously addressed by this Court. Specifically, Allstate argued that the Complaint fails to state a claim for breach of any contractual obligations and the Complaint fails to state a claim for violation of New York's General Business Law § 349.

With respect to the breach of contract claims, this Court previously ruled that Plaintiff could not recast its claims as one for breach of contract to circumvent the limitations of C.P.L.R. ¶ 901(b). *Shady Grove*, 466 F. Supp. at 473-74. To the extent that decision did not entirely dismiss Plaintiff's breach of contract claims, the claims nevertheless fails because the gravamen of this Complaint is to recover a statutory penalty. The claims, furthermore, lacks specificity because the Complaint does not set forth any provision of an insurance contract that was allegedly breached. *Channel Chiropractic P.C. v. Country-Wide Ins. Co.*, slip op., Index No. 115071/04 (Sup. Ct. N.Y. County Sept. 26, 2005). Plaintiff apparently



The Honorable Nina Gershon, U.S.D.J.
Page 3

seeks to have written into this contract an implied term that Allstate "will comply with the law." If this were the case then every statutory violation would constitute a breach of contract, and there is no evidence that the legislature intended this result or that it be required by public policy.

Plaintiff also fails to state a claim for violation of GBL § 349. Shady Grove does not allege that it has been "misled" or "deceived" in any way, nor does it allege that a reasonable consumer under the circumstances might have been misled. Even if Plaintiff's claim that Allstate ignored its obligation to pay statutory interest or erroneously claimed to never have received the proof of claim, that would still be insufficient to state a claim for violation of GBL § 349 because Plaintiff cannot and does not claim deception. New York Courts have repeatedly considered and dismissed claims brought under GBL § 349 under circumstances where an insurer's denial of a claim for No Fault Benefits is not misleading or deceptive. *See, e.g., Benjaminov v. Republic Ins. Group*, 241 A.D.2d 473, 474, 660 N.Y.S.2d 148, 149-50 (2d Dep't 1997). Furthermore, as a medical provider, Shady Grove lacks standing to pursue a GBL § 349 claim for the simple reason that it is not a consumer. *State Farm Mut. Auto Ins. Co. v. Mallela*, 175 F. Supp. 2d 401, 421 (E.D.N.Y. 2001) ("Section 349 was not intended to be a sword to be wielded in business-versus-business disputes … where the party asserting the claim is not acting in a consumer role.") The fact that Shady Grove was assigned the right to receive payment for the first party benefits does not confer it standing as a "deceived" consumer.

4. <u>Shady Grove cannot meet the requirements of Fed. R. Civ. P. 23.</u> Assuming that Plaintiff can hurdle the jurisdictional challenges of CAFA, this Court should nevertheless strike or dismiss the class action allegations, as it is facially apparent that Plaintiff cannot meet the requirements of Rule 23. *See, e.g., Reinisch v. New York Stock Exch.*, 52 F.R.D. 561 (S.D.N.Y. 1971) (dismissing putative class under Rule 23(c)(1) where it was "evident that the claims of the class members would differ widely.") As set forth in Plaintiff's initial motion papers, Plaintiff's allegations merely parrot the language of Rule 23 without specifying in detail that the requirements of numerosity, commonality, typicality, and adequacy of representation can be met.

For the reasons set forth herein, Allstate respectfully requests that the Court schedule a pre-motion conference in connection with Allstate's intended motion. Thank you for Your Honor's consideration of this request.

Respectfully submitted,

SEYFARTH SHAW LLP

Andrew T. Hahn, Sr.

cc: John S. Spadoro, Esq. (via ECF and Federal Express)
     The Honorable James Orenstein, U.S.M.J. (via ECF and Federal Express)

12421132v.1