IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

SHADY GROVE ORTHOPEDIC )
ASSOCIATES, P.A., )
on behalf of itself and all others )
similarly situated, )
) C.A. No.: 06-CV-1842NG-JO
Plaintiffs, )
) TRIAL BY JURY DEMANDED
v. )
)
ALLSTATE INSURANCE COMPANY, )
)
Defendant. )
)

## AMENDED CLASS ACTION COMPLAINT[1]

Plaintiff Shady Grove Orthopedic Associates, P.A., on behalf of itself and all others similarly situated, alleges as follows:

### Introduction: Nature of the Action and Summary of Facts

1. This is an action seeking recovery of compensatory damages, punitive damages and declaratory and other relief arising from defendant Allstate Insurance Company's violations of N.Y. Ins. Law §5106(a) and N.Y. Gen. Bus. Law §349(a); its breaches of contract and bad faith breaches of contract; and its otherwise wrongful failure to pay statutory interest owed to thousands (if not tens of thousands) of New York consumers on overdue no-fault insurance benefits. This action does not seek recovery of the benefits themselves, which in most instances have already been paid by defendant Allstate Insurance Company ("Allstate") without dispute. Rather, this action seeks payment of statutory interest wrongly and knowingly withheld by Allstate in connection with overdue benefit payments.

---

[1] A redlined version of this Amended Complaint, showing changes from the original, is attached as Exhibit A.

2. This is a proposed class action brought on behalf of those persons owed statutory interest by Allstate under N.Y. Insurance Law §5106(a), whose entitlement to such interest arose a) at any time from April 20, 2000 to the present, and b) with respect to claims for no-fault insurance benefits that were never disputed by Allstate in a timely fashion (or in other words, within the thirty-day period under section 5106(a)).

### Jurisdiction and Venue

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(d)(2)(A).

4. Venue is properly placed in this Court pursuant to 28 U.S.C. §1391(b)(1) and (2).

### The Parties

5. Plaintiff Shady Grove Orthopedic Associates, P.A. ("Shady Grove") is a Maryland corporation established for the practice of orthopedic medicine. Shady Grove's employees have rendered medical care and physical therapy to claimant Sonia E. Galvez in connection with injuries she suffered in a certain May 30, 2005 automobile collision (as more fully described below).

6. Claimant Sonia E. Galvez is a natural person residing at 14611 Bubbling Spring Road, Boyds, MD 28041, and a named insured under Allstate "New York Private Passenger Auto Insurance Policy" 0 73 885752 02/22, effective February 22, 2005 and still in effect as of May 30, 2005. Ms. Galvez has assigned to Shady Grove certain of her rights with respect to first-party no-fault benefits under the subject Allstate policy. As more fully described below, Ms. Galvez has tendered claims for such benefits through Shady Grove, and under the Allstate policy.

7. Defendant Allstate Mutual Automobile Insurance Company is an Illinois corporation with offices at 3075 Sanders Road, Suite H1A, Northbrook, IL 60062. It is engaged in the business of insurance, and regularly sells automobile insurance within the State of New York.

### Factual Background Applicable to the Proposed Class

8. Allstate is a prolific underwriter of automobile insurance, including first-party no-fault benefits for persons injured while driving or occupying motor vehicles.

9. Since at least April 2000 Allstate has been among the most prolific underwriters of automobile insurance (including no-fault coverage) in the State of New York. At all times relevant to this case, Allstate has derived substantial revenues and profits from the sale of such insurance products in New York.

### The Thirty-Day Standard

10. Under N.Y. Veh. & Traf. Law §319(1) (part of New York's Motor Vehicle Financial Security Act), persons who own any motor vehicle registered in New York or operate or permit to be operated a motor vehicle in New York must maintain specified forms of liability insurance.

11. Under N.Y. Ins. Law §5103(a), liability insurance issued in satisfaction of the requirements of N.Y. Veh. & Traf. Law §319 must also provide for the payment of first-party insurance benefits to specified categories of persons, and for loss arising out of the use or operation of the insured motor vehicle within the State of New York. These first-party benefits (sometimes referred to as "no-fault" benefits) include, by virtue of the definitions set forth in N.Y. Ins. Law §5102, payments to reimburse persons for medical and other expenses up to $50,000 per person, where such expenses are incurred on account of personal injury arising out of the use or operation of a motor vehicle.

12. Under N.Y. Ins. Law §5106(a), payment of first-party no-fault benefits pursuant to section 5103 must be made as the loss is incurred. Section 5106(a) further provides that such benefits are overdue if not paid within thirty days after the claimant supplies proof of the fact and amount of the loss sustained. Section 5106(a) also provides that overdue benefits shall bear interest at the rate of two percent per month. Under 11 NYCRR 65.15(h)(1), interest owed pursuant to N.Y. Ins. Law §5106(a) is compounded and calculated on a *pro rata* basis using a thirty-day month.

13. Regulations promulgated by New York's Insurance Department likewise govern the processing of claims for first-party no-fault benefits under New York's Insurance Law. Under 11 NYCRR 65.15(d)(1), an insurer may request verification of the claim for no-fault benefits within ten business days of its receipt of any completed application for the same. Such verification must be requested (if at all) through the use of prescribed forms as specified by 11 NYCRR 65.15(c)(3), including New York State Form N-F3 (Verification of Treatment by Attending Physician or Other Provider of Health Services) and New York State Form N-F4 (Verification of Hospital Treatment).

14. If an insurer makes a timely request for verification under 11 NYCRR 65.15(d)(1), the time within which the insurer must pay the claim for no-fault benefits is tolled pending the insurer's receipt of the requested verification. If the requested verification is not supplied to the insurer within thirty days of the original request, then 11 NYCRR 65.15(e)(2) requires the insurer to communicate to the claimant a follow-up request for verification within ten days thereafter. The regulations further provide, under 11 NYCRR 65.15(d)(2), that an insurer may request additional verification within ten business days of its receipt of one or more completed verification forms.

15. Under 11 NYCRR 65.15(g)(1)(i), no-fault benefits are overdue if not paid within thirty days after the insurer receives verification of all relevant information requested pursuant to 11 NYCRR 65.15(d) (in cases where such a request is made). N.Y. Ins. Law §5106(a) provides that such overdue benefits shall bear interest at the rate of two percent per month. Under 11 NYCRR 65.15(h)(1), such interest is compounded and calculated on a *pro rata* basis using a thirty-day month.

16. The effect of the regulatory scheme established under N.Y. Ins. Law §§5102, 5103 and 5106, in combination with the provisions of 11 NYCRR 65.15, is to require insurers to pay covered no-fault benefits within thirty days of the claimant's submission of proof of the fact and amount of loss sustained, or (in cases where the insurer makes any timely request for verification) within thirty days of the insurer's receipt of all requested verification. The same regulatory scheme makes no-fault insurers liable for payment of an interest penalty on overdue benefits, compounded and calculated at the rate of two percent per month.

## Allstate's Wrongful Conduct

17. Allstate routinely fails to pay covered claims for first-party no-fault benefits within thirty days of the claimant's provision of proof of the loss, in violation of N.Y Ins. Law §5106(a) and NYCRR 65.15.

18. Allstate routinely fails to pay covered claims for first-party no-fault benefits within thirty days of its receipt of the claimant's completed verification forms, in violation of 11 NYCRR 65.15.

19. In addition to violating the thirty-day payment standard under N.Y. Ins. Law §5106(a) and 11 NYCRR 65.15, Allstate routinely ignores its obligation to pay the statutory

interest owed in such cases. Allstate thus owes to the plaintiff Shady Grove, and to all members of the proposed class, interest under N.Y. Ins. Law §5106(a) and 11 NYCRR 65.15(h)(1).

20. On those occasions when Allstate fails to pay covered claims for first-party no-fault benefits within the thirty-day period under N.Y. Ins. Law §5106(a), Allstate routinely and falsely claims to have never received the insured's proof of loss in the first instance, all as a means of avoiding the consequences of its violation of the thirty-day standard.

### Allegations Specific to the Proposed Class Representatives

21. Ms. Galvez was injured in an automobile collision on or about May 30, 2005. At the time of the collision, Ms. Galvez was driving a 2005 Toyota Corolla registered in the State of New York and bearing New York tag no. CZH3872 (the "insured vehicle").

22. On or about May 30, 2005, the insured vehicle was insured under Allstate "New York Private Passenger Auto Insurance Policy" no. 0 73 885752 02/22.

23. Ms. Galvez has tendered to Allstate (through Shady Grove) claims for first-party no-fault benefits under N.Y. Ins. Law §5106 and 11 NYCRR 65.15, and in connection with the injuries she suffered as a result of the May 30, 2005 collision.

24. With respect to the claims referenced by the preceding paragraph, Allstate has failed to make timely payment of benefits, in violation of the thirty-day standard under N.Y. Ins. Law §5106(a) and 11 NYCRR 65.15(g)(1)(i). Such benefits thus constitute overdue benefits within the meaning of N.Y. Ins. Law §5106(a) and 11 NYCRR 65.15(g)(1)(i).

25. Allstate has failed to pay the interest owed under N.Y. Ins. Law §5106 and 11 NYCRR 65.15.

26. Allstate has failed to pay to Shady Grove the interest owed to it under N.Y. Ins. Law §5106 and 11 NYCRR 65.15.

27. Allstate has claimed falsely that one or more of the claims for first-party no-fault benefits tendered by Ms. Galvez through Shady Grove (as alleged in paragraph 23 above) was not received by Allstate on the date(s) when such claims had in fact been received. Allstate has made these false claims for the purposes of avoiding the consequences of its violation of the thirty-day payment standard under N.Y. Ins. Law §5106(a) and 11 NYCRR 65.15(h)(1).

### Class Certification Allegations

28. Allstate owes to Shady Grove interest under N.Y. Ins. Law §5106 and 11 NYCRR 65.15.

29. Allstate owes to Shady Grove, and to all members of the proposed class, interest under N.Y. Ins. Law §5106 and 11 NYCRR 65.15.

30. This action is brought and may properly be maintained as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(1)(A), (2) and (3). Shady Grove brings this action on behalf of itself and all others similarly situated, as representatives of the following proposed class: All persons to whom Allstate owes interest under N.Y. Ins. Law §5106 and 11 NYCRR 65.15 with respect to claims for first-party no-fault benefits arising since April 20, 2000, where those claims were never disputed by Allstate in a timely fashion (or in other words, within the thirty-day period under section 5106(a)).

31. Specifically excluded from the proposed class are those persons who have already secured recovery against Allstate in connection with the conduct complained of, whether by settlement or judgment; and Allstate's officers, directors, employees, agents or legal representatives, or the successors or assigns of any of them.[2]

---

[2] For purposes of this paragraph 31, no purported settlement or compromise in violation of 11 NYCRR 65.15(h)(2) shall constitute a settlement.

32. *Numerosity of the Class (Fed. R. Civ. P. 23(a)(1)).* The proposed class is so numerous that the individual joinder of all its members is impracticable. Allstate has been, at all relevant times, among New York's most prolific underwriters of no-fault coverage; and it remains so today. While the exact number and identities of the proposed class members is presently unknown, and can only be determined through investigation and discovery, plaintiff is informed and believes that the proposed class includes over 50,000 members.

33. *Existence and Predominance of Common Questions of Law and Fact (Fed. R. Civ. P. 23(a)(2), 23(b)(3)).* Common questions of law and fact exist as to all members of the proposed class, and predominate over any individual questions. They include, without limitation, the following:

a. Whether Allstate owes interest to the proposed class members under N.Y. Ins. Law §5106 and 11 NYCRR 65.15;

b. Whether Allstate's conduct is in violation of N.Y. Gen. Bus. Law §349;

c. Whether Allstate's conduct constitutes a knowing or willful violation of N.Y. Gen. Bus. Law §349;

d. Whether the proposed class is entitled to compensatory damages, and if so, the amount of such damages;

e. Whether the proposed class is entitled to punitive damages, and if so, the amount of such damages; and

f. Whether the proposed class is entitled to recovery of its reasonable attorneys' fees under N.Y. Ins. Law §5106(a), 11 NYCRR 65.15(i)(1), N.Y. Gen. Bus. Law §349(h) or otherwise, and if so, the amount of such fees.

34. *Typicality of Claims (Fed. R. Civ. P. 23(a)(3))*. The proposed class representative's claims are typical of the claims of the members of the proposed class. Shady Grove is currently owed interest by Allstate under N.Y. Ins. Law §5106 and 11 NYCRR 65.15. All members of the proposed class are likewise owed such interest.

35. *Adequacy of Representation (Fed. R. Civ. P. 23(a)(4))*. Shady Grove is under no actual or potential conflict of interest with respect to other members of the proposed class, and will fairly and adequately protect their interests. It has retained attorneys experienced in the prosecution of complex litigation, complex coverage litigation, no-fault litigation, and no-fault-related class action litigation.

36. *Superiority of Class Action (Fed. R. Civ. P. 23(b)(3))*. A class action is superior to other available methods of adjudication for this dispute, because individual joinder of all members of the proposed class is impracticable, and no other method of adjudication of the claims asserted herein is more efficient and manageable. Further, the damages suffered by individual members of the proposed class may be relatively modest, so that the burden and expense of prosecuting individual actions would make it difficult or impossible for such members to obtain relief. The prosecution of such individual actions would also impose a substantial burden on New York's civil justice system. At the same time, individualized litigation would entail a significant risk of varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and the courts, by requiring multiple trials for the same complex factual issues. By contrast, the class action mechanism presents fewer case-management problems; conserves the resources of the parties and the courts; and protects the rights of each member of the proposed class. The proposed class members thus have little interest in individually controlling the prosecution of separate actions; and to counsel's

knowledge, there has been no substantial litigation of this dispute in any forum. It is not anticipated that the prosecution of this dispute as a class action will entail any special case-management difficulties; and notice of the pendency of this action, and of any resolution of the same, can be provided to the proposed class by publication and/or individual notice.

37. ***Other Grounds for Certification.*** This action is also certifiable under Federal Rule of Civil Procedure 23(b)(1) and (2) because:

a. The prosecution of separate actions by the individual members of the proposed class would create a risk of inconsistent or varying adjudications with respect to such individual class members, thus establishing incompatible standards of conduct for Allstate; and

b. Allstate has acted or refused to act on grounds generally applicable to the class, thereby making appropriate declaratory relief with respect to the class as a whole.

## COUNT I

### Declaratory Judgment

38. Plaintiff Shady Grove Orthopedic Associates, P.A., on behalf of itself and all others similarly situated, repeats and incorporates by reference the allegations set forth in paragraphs 1 through 37 above.

39. The claims of all proposed class members arise under policies of automobile insurance issued by Allstate.

40. Shady Grove's claims (as Ms. Galvez's assignee) and the claims of all proposed class members arise under policies of automobile insurance issued by Allstate.

41. An implied representation of fact contained in all the subject automobile insurance policies is that Allstate will address claims for first-party no-fault benefits in a manner consistent

3645                                  10

with the requirements of N.Y. Ins. Law §5106 and 11 NYCRR 65.15. Those policies further contain an implied promise that covered (or undisputed) no-fault claims will be paid within the thirty-day period under section 5106(a).

42. Allstate denies or will deny that the implied representation of fact described in the preceding paragraph is contained in the subject insurance contracts.

43. Allstate has failed to address the proposed class members' claims for first-party no-fault benefits in a manner consistent with the requirements of N.Y. Ins. Law §5106 and 11 NYCRR 65.15.

44. An actual controversy of a justiciable nature exists between Shady Grove, on behalf of itself and all others similarly situated (on the one hand) and Allstate (on the other), concerning the parties' rights and obligations under the affected Allstate insurance contracts. That controversy turns on Allstate's obligation *vel non* to pay interest for overdue benefits under N.Y. Ins. Law ¶5106 and 11 NYCRR 65.15. The controversy is of sufficient immediacy to justify the entry of a declaratory judgment.

45. An award of declaratory relief by this Court will terminate some or all of the existing controversy between the parties.

## COUNT II

### Breach of Contract

46. Plaintiff Shady Grove Orthopedic Associates, P.A., on behalf of itself and all others similarly situated, repeats and incorporates by reference the allegations set forth in paragraphs 1 through 45 above.

47. Shady Grove's claims and the claims of all proposed class members arise under policies of automobile insurance issued by Allstate.

48. An implied representation of fact contained in all the subject automobile insurance policies is that Allstate will address claims for first-party no-fault benefits in a manner consistent with the requirements of N.Y. Ins. Law §5106 and 11 NYCRR 65.15. Those policies further contain an implied promise that covered (or undisputed) no-fault claims will be paid within the thirty-day period under section 5106(a). By failing to pay interest on overdue benefits as required by N.Y. Ins. Law §5106(a) and 11 NYCRR 65.15(h)(1), Allstate has failed to honor these implied representations of fact, and thereby breached the affected contracts of automobile insurance.

49. As a direct result of Allstate's breaches of the affected insurance contracts, Shady Grove and all others similarly situated have been deprived of interest payments to which they are entitled under N.Y. Ins. Law §5106(a) and 11 NYCRR 65.15(h)(1).

## COUNT III

### Bad Faith Breach of Contract

50. Plaintiff Shady Grove Orthopedic Associates, P.A., on behalf of itself and all others similarly situated, repeats and incorporates by reference the allegations set forth in paragraphs 1 through 49 above.

51. Allstate's failure to pay interest owed to Shady Grove and all members of the proposed class under N.Y. Ins. Law §5106(a) and 11 NYCRR 65.15(h)(1) is a widespread and systematic failure, directed at consumers generally. Allstate has engaged in the wrongful withholding of such interest on a large enough scale to prove that its conduct is knowing and intentional.

52. Allstate's failure to pay interest owed to Shady Grove and all members of the proposed class under N.Y. Ins. Law §5106(a) and 11 NYCRR 65.15(h)(1) is without reasonable basis.

53. Allstate's failure to pay interest owed to Shady Grove and all members of the proposed class under N.Y. Ins. Law §5106(a) and 11 NYCRR 65.15(h)(1) is in bad faith.

54. As a direct result of Allstate's bad-faith breaches of the affected insurance contracts, Shady Grove and all others similarly situated have suffered and will suffer injury as heretofore alleged.

## COUNT IV

### Violations of N.Y. Ins. Law §5106

55. Plaintiff Shady Grove Orthopedic Associates, P.A., on behalf of itself and all others similarly situated, repeats and incorporates by reference the allegations set forth in paragraphs 1 through 54 above.

56. Allstate has violated N.Y. Ins. Law §5106(a) by failing to pay interest owed thereunder to Shady Grove and all proposed class members.

57. As a direct result of Allstate's violations of N.Y. Ins. Law §5106(a), Shady Grove and all others similarly situated have suffered and will suffer injury as heretofore alleged.

## COUNT V

### Violations of N.Y. Gen. Bus. Law §349

58. Plaintiff Shady Grove Orthopedic Associates, P.A., on behalf of itself and all others similarly situated, repeats and incorporates by reference the allegations set forth in paragraphs 1 through 57 above.

59. Shady Grove's claims and the claims of all proposed class members arise under policies of automobile insurance issued by Allstate. Such policies are consumer insurance products, sold by Allstate to members of the consuming public at large.

60. An implied representation of fact contained in all the subject automobile insurance policies is that Allstate will address claims for first-party no-fault benefits in a manner consistent with the requirements of N.Y. Ins. Law §5106 and 11 NYCRR 65.15. Those policies further contain an implied promise that covered (or undisputed) no-fault claims will be paid within the thirty-day period under section 5106(a). By failing, on a widespread and systematic basis, to pay interest owed to members of the public under N.Y. Ins. Law §5106(a) and 11 NYCRR 65.15(h)(1), Allstate has betrayed these representations on a massive scale.

61. Through the conduct alleged herein, Allstate has engaged in practices that are deceptive in a material way. Those practices have not been isolated, but have been consumer-oriented, affecting the public at large.

62. Allstate's conduct, as alleged herein, is in violation of N.Y. Gen. Bus. Law §349.

63. Allstate's violations of N.Y. Gen. Bus. Law §349 have been willful and knowing, as evidenced by their frequency and scale.

64. As a direct result of Allstate's violations of N.Y. Gen. Bus. Law §349, Shady Grove and all others similarly situated have suffered and will suffer injury as heretofore alleged.

WHEREFORE, plaintiff Shady Grove Orthopedic Associates, P.A, on behalf of itself and all others similarly situated, respectfully requests that this Court enter judgment as follows:

a. Entering an Order certifying the plaintiff class, appointing Shady Grove as representative of that class, and appointing Shady Grove's counsel to represent that class, all pursuant to Federal Rule of Civil Procedure 23;

b. Declaring the parties' rights, duties, status or other legal relations under the affected insurance contracts;

c. Awarding to Shady Grove and all others similarly situated compensatory damages, in the form of interest owed under N.Y. Ins. Law §5106 and 11 NYCRR 65.15, for Allstate's breaches of its insurance contracts;

d. Awarding to Shady Grove and all others similarly situated compensatory damages, in the form of interest owed under N.Y. Ins. Law §5106 and 11 NYCRR 65.15, for Allstate's bad faith breaches of its insurance contracts;

e. Awarding to Shady Grove and all others similarly situated the interest owed to them under N.Y. Ins. Law §5106 and 11 NYCRR 65.15;

f. Awarding to Shady Grove and all others similarly situated compensatory damages, in the form of interest owed to them under N.Y. Ins. Law §5106 and 11 NYCRR 65.15, for Allstate's violations of N.Y. Gen. Bus. Law §349;

g. Awarding to Shady Grove and all others similarly situated punitive damages;

h. Awarding to Shady Grove and all others similarly situated their reasonable attorneys' fees under N.Y. Ins. Law §5106(a), 11 NYCRR 65.15(i)(1), N.Y. Gen. Bus. Law §349(h) or otherwise;

i. Awarding to Shady Grove and all others similarly situated all costs of this action; and

j. Awarding such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

JOHN SHEEHAN SPADARO, LLC

*/s/ John S. Spadaro*

John S. Spadaro
724 Yorklyn Road, Suite 375
Hockessin, DE 19707
(302)235-7745

Attorney for plaintiff Shady Grove Orthopedic
Associates, P.A. (on behalf of itself and all others
similarly situated)

June 22, 2010