**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
SHADY GROVE ORTHOPEDIC
ASSOCIATES, P.A., et al.,

                        Plaintiffs,          **MEMORANDUM**
                                                                                                                  **AND ORDER**
           - against -
                                                                                                        06-CV-1842 (NG) (JO)
ALLSTATE INSURANCE CO.,
                        Defendant.
----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

Defendant Allstate Insurance Co. ("Allstate") seeks to stay discovery based on mootness grounds because the penalties the plaintiffs seek in this case were previously paid. For the reasons set forth below, I deny the motion.

I.      Background

The plaintiffs, purporting to act on behalf of a class, seek to recover monthly interest penalties they claim Allstate owed pursuant to New York law on alleged overdue benefit payments for medical services rendered on behalf the insured. Docket entry ("DE") 1 (Complaint). I assume the reader's familiarity with the lengthy proceedings that followed the filing of the Complaint more than four years ago. Those proceedings include Allstate's successful motion in 2006 to dismiss the Complaint primarily on the ground that the plaintiffs could not properly maintain a class action to recover amounts that the law of New York would characterize as a penalty. *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 466 F. Supp. 2d 467 (E.D.N.Y. 2006). That decision was affirmed on appeal but ultimately rejected by the United States Supreme Court. *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 549 F.3d 137 (2d Cir. 2008), *rev'd*, 130 S. Ct. 1431, 1448 (2010).

As a result of the Supreme Court's decision, the case was remanded to this court, at which point Allstate requested a pre-motion conference to seek leave to file yet another motion to dismiss. As Allstate explained, it now seeks to have the case dismissed on the ground that the claims of the sole remaining plaintiff have become moot as a result of Allstate's payment of the penalty amount claimed. DE 30.[1] Surprisingly, that payment is not a recent development: Allstate apparently took the action that it says mooted this case some four years ago – before successfully arguing the merits of its dismissal motion on appeal, and also before seeking in vain to defend its victory on the merits before the United States Supreme Court. Having decided that the time is now right to assert that the federal courts lack jurisdiction, Allstate now moves to stay discovery pending the resolution of its anticipated motion to dismiss. DE 38.

II.     Discussion

Allstate claims that it paid the penalties at issue to Shady Grove shortly after the court ordered dismissal in 2006. DE 38 at 1. The assertion plainly raises the question of why, if that payment mooted the case as Allstate now claims, it did not say so earlier but instead pursued complex litigation before the appellate court and then the Supreme Court. In response, Allstate now claims that it did address the mootness issue previously. Specifically, Allstate's counsel claims that, at a pre-argument conference before the United States Court of Appeals for the Second Circuit in connection with its appeal of the 2006 dismissal, he advised the court's staff attorney that Allstate had paid the claims. He goes on to assert that the staff attorney "asked whether the case ha[d] been mooted by the payment." *Id.* at 2. He claims to have answered "that

---

[1] The claims of plaintiff Sonia E. Galvez, who assigned her Allstate insurance benefits to plaintiff Shady Grove Orthopedic Associates, P.A. ("Shady Grove"), were previously dismissed. That ruling was not affected by the Supreme Court's decision.

the key issue on appeal would likely focus on CPLR 901(b) [New York's class action statute], and that the payment was not relevant to that issue." *Id.*

In other words, Allstate's counsel reports that his response to a court officer's inquiry about mootness was one that necessarily conveyed an assertion to the court that the case remained justiciable and amenable to appellate review despite Allstate's alleged payment to the plaintiff. If Allstate's alleged payment mooted the case, the appellate court lacked jurisdiction to review the dismissal order, and Allstate's counsel should have said so. By responding to the staff attorney's question with a description of the issue requiring review, Allstate either misled the court about its view of the case or it did not actually believe the case to be moot at that juncture.[2]

If, as implicitly conveyed by Allstate's claimed response to the staff attorney's question, the case was not moot at the time of the appeal, I do not understand how it has become moot now. At a minimum, Allstate points to no intervening factual development that would moot the case. Therefore, I have no reason to believe that the case is any less viable now than it was when Allstate took the position that it was amenable to review by higher courts. I of course have no occasion to pass on whether the case is actually moot now, but for purposes of assessing Allstate's motion for a stay, I cannot assume that this court lacks jurisdiction and therefore have no good reason to further delay the start of discovery.

---

[2] In seeking to explain itself, Allstate argues that "the issue of mootness is *now* ripe for adjudication[.]" DE 38 at 2 (emphasis added). Apparently, Allstate hopes I will draw the inference that its claim of mootness was somehow unripe at the time the payment was allegedly made, and remained so throughout years of litigation until a court issued an opinion (apparently, in Allstate's view, an advisory one) at odds with its interests. Allstate's unwillingness to make such a specious argument more explicit is entirely understandable. Mootness is never unripe for review; it "ousts the jurisdiction of the federal courts and requires dismissal of the case." *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 335 (1980).

I note that in its letter to Judge Gershon, Allstate also claims that the action is mooted because "Shady Grove cannot be deemed an adequate representative" of the putative class. DE 30 at 2. Such purported inadequacy might preclude class certification, but it would not moot Shady Grove's claim. The distinction is potentially important because while a party cannot waive jurisdiction, it can waive or forfeit other rights in any number of ways. In particular, to the extent that Allstate will seek to raise the alleged mootness of Shady Grove's claim as an argument against class certification (as distinct from an argument that the court lacks the power to act), it may well be judicially estopped from doing so as the result of having successfully taken a contrary position earlier in the litigation: namely, it implicitly asserted that the appellate court had jurisdiction to rule in its favor on the merits of the class certification issue. *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) ("[J]udicial estoppel, generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." (internal quotation marks omitted)).

Here again, I have no occasion to decide the matter, but Allstate's motion for a stay makes it appropriate to consider all of the ways in which its assertion of mootness might warrant delaying the start of discovery. Because its application of the mootness argument to the question of Shady Grove's adequacy does not seem likely to be available as the result of Allstate's inconsistent position as to mootness, I decline to stay discovery on that basis. Moreover, if I were to stay discovery in anticipation of Allstate's attempt to defeat class certification on adequacy grounds, I would needlessly delay discovery on the other elements of class certification in the event Allstate's argument on that one element did not succeed. I decline to endorse such piecemeal litigation.

III.	Conclusion

For the reasons set forth above, I deny Allstate Insurance Company's motion to stay discovery.

**SO ORDERED.**

Dated:	Brooklyn, New York
	June 28, 2010

<u>/s/ James Orenstein</u>
JAMES ORENSTEIN
U.S. Magistrate Judge