# John Sheehan Spadaro, LLC

ATTORNEY AT LAW

724 YORKLYN ROAD, SUITE 375

HOCKESSIN, DELAWARE 19707

TELEPHONE: 302.235.7745

FACSIMILE: 302.235.2536

JSPADARO@JOHNSHEEHANSPADARO.COM

November 22, 2010

**BY ELECTRONIC FILING AND FEDEX**
Honorable Nina Gershon
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:   *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*
             C.A. No. 06-CV-1842NG-JO

Dear Judge Gershon:

    Shady Grove's answering brief to Allstate's pending motion to dismiss (Document No. 53) contains a typographical error. At page 17 the brief refers to Shady Grove where we intended to refer to Allstate. We have prepared a corrected page 17, and filed it on the electronic docket with this letter.

    I apologize for any inconvenience caused by our mistake.

                                          Respectfully,

                                          John S. Spadaro

cc: Andrew T. Hahn, Esq. (by electronic filing)

3948

This is a well-pled and plausible claim -- not the kind of frivolous, "threadbare" pleading to which *Iqbal* and *Twombly* are directed.

### B. The Amended Complaint Implicates Specific Contractual Promises

Shady Grove's pleading implicates contractual promises in three respects. First, it is axiomatic that when a contract is silent as to time of performance, a reasonable time will be implied. *Boone Assoc. v. Leibovitz*, 786 N.Y.S.2d 518, 518-19 (N.Y. App. Div. 2004) (citation omitted). Though Allstate is clearly aware that covered PIP claims must be paid within thirty days, it makes no mention of that deadline in its insurance contract -- which, being a contract of adhesion, is solely drafted by Allstate.

But since a reasonable time for performance must be supplied, the statutory thirty-day standard must necessarily be part of the contract. That standard of performance is not merely reasonable, but mandatory (and so conclusively reasonable). The fact that Allstate specifies no time for performance on covered PIP claims does not insulate it from a claim for breach of contract.

Second, the amended complaint alleges that "[a]n implied representation of fact contained in all the subject automobile insurance policies is that Allstate will address claims for first-party no-fault benefits in a manner consistent with the requirements of N.Y. Ins. Law §5106 and [the related no-fault regulations]." Amended Compl. ¶48. In fact, Ms. Galvez's policy sets forth a six-page, single-spaced policy endorsement titled "MANDATORY PERSONAL INJURY PROTECTION ENDORSEMENT - New York." Ex. K. That endorsement is taken directly from the prescribed language of the no-fault regulations. The clear implication, to ordinary consumers of reasonable sensibilities, is that Allstate will comply with the statutorily