UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SHADY GROVE ORTHOPEDIC : **ECF CASE**
ASSOCIATES, P.A., :
on behalf of itself and all others : CV 06 1842 (NG)(JO)
similarly situated :
:
      Plaintiffs, :
:
vs. :
:
ALLSTATE INSURANCE COMPANY, :
:
      Defendant. :
:
------------------------------------------------------------x

## STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

      WHEREAS, the parties to this action, plaintiff Shady Grove Orthopedic Associates, P.A., on behalf of itself and all others similarly situated ("Plaintiffs"), and defendant Allstate Insurance Company ("Allstate" and with Plaintiffs, collectively, the "parties") are engaged in discovery that involves or may involve answers to written interrogatories, identification of documents and other tangible evidence in answers to interrogatories, the production of documents and other tangible evidence by the parties or nonparties, requests for admission and the taking of oral depositions of the parties and nonparty witnesses; and

      WHEREAS, in the course of such discovery or settlement discussions the parties hereto may seek to obtain discovery of information that the party or nonparty from whom discovery is sought considers to be confidential; and

      WHEREAS, in order to safeguard any confidential information, such as trade secrets, competitively sensitive information, material non-public information, proprietary information,

4215

financial information, personal information, customer information, employee information, agent information, or any other type of information for which a protective order properly may be sought under Rule 26(c) of the Federal Rules of Civil Procedure and this Court's Local Civil Rules, and to ensure that such information is not disclosed, except pursuant to the terms of this Agreement;

NOW, THEREFORE, IT IS AGREED THAT:

1. As hereinafter used, the term "Confidential Information" means any business, financial or other non-public or personal information, which is owned or controlled by a party or a nonparty and believed by that party or nonparty to contain customer information, employee information, agent information, confidential research, development, financial or commercially sensitive information, including, without limitation, testimony adduced at depositions upon oral examination or upon written questions, answers to interrogatories, documents produced, information obtained from inspection of premises or things, and responses to discovery requests. Confidential Information may also include information that, if disclosed, would infringe on the privacy rights of some individual or individuals. All notes, copies, extracts and summaries of documents containing, relating or referring to Confidential Information shall also be considered Confidential Information that is subject to this Confidentiality Agreement. Nothing in this agreement precludes the producing party from redacting personal information to protect the privacy rights of individuals.

2. As hereinafter used, the term "Highly Confidential Information" means any and all highly-sensitive information, documents and other materials produced or otherwise provided in the course of this litigation, including, but not limited to trade secrets, the disclosure of which to any other person carries the risk of a loss of a competitive advantage by the producing party

2

and/or the designating party, is the subject of reasonable efforts by the producing party and/or designating party to maintain its confidentiality, and is not generally known. All notes, copies, extracts and summaries of documents containing, relating or referring to Highly Confidential Information shall also be considered Highly Confidential Information that is subject to this Confidentiality Agreement.

3. Confidential Information and Highly Confidential Information include information designated by a party or non-party as confidential or highly confidential in writing, or orally, if recorded as part of a discovery or testimony deposition or record before the Court, and includes all such designated information whether revealed by a party or non-party during a deposition, in a document, in an interrogatory answer, in response to a request to admit, by production of tangible evidence, or otherwise. The parties are to make any such designations in good faith.

4. The producing party or nonparty ("producing person") shall label or mark documents and things that it deems to contain "Confidential Information" or "Highly Confidential Information" with the legend "CONFIDENTIAL – *Shady Grove v. Allstate* Litigation" or "HIGHLY CONFIDENTIAL (ATTORNEYS' EYES ONLY) – *Shady Grove v. Allstate* Litigation" on the face thereof. Where large numbers of documents are produced for inspection by the producing person, the producing person may produce them thereafter specifically labeled or marked with one of the above legends only those documents of which the opposing party requests a copy. Where a non-party produces documents, the attorney for any party shall have thirty (30) days after receipt of such documents to label or mark any of them as Confidential Information or Highly Confidential Information in accordance with the provisions

of this paragraph. Any documents so designated within this thirty (30) day period shall be treated as provided for in the relevant provisions of this Confidentiality Agreement.

5. The provisions of this Confidentiality Agreement also apply to designated portions of transcripts, exhibits, answers to interrogatories, copies thereof, other documents and things, and all information otherwise obtained from a party or a nonparty pursuant to discovery or trial in this action and designated as containing or comprising Confidential Information or Highly Confidential Information.

6. All Confidential Information shall be maintained subject to the following restrictions:

    a. It shall be used solely for the purposes of this action and not for any other litigation and not for any business or other purposes whatsoever.

    b. It shall not be given, shown, made available, or communicated in any way to anyone other than: (i) the parties; (ii) inside or outside counsel of record for the parties to this proceeding (including their associates, paralegals, secretaries, and employees); (iii) independent experts retained by any party (other than the producing party) or their counsel specifically in connection with this action to furnish technical or expert services and/or give testimony in this proceeding, but such independent experts <u>shall not include</u> members of the media, any representative of an organization or association of current or former Allstate agents and/or employees, any employee of any competitor of Allstate (for purposes of this Confidentiality Agreement, "competitor" shall be defined to include any other insurance company or agent of any other insurance company, and any other individual or entity involved in the business of insurance), any representative of an organization or association of current or former Plaintiffs' agents and/or employees, or any plaintiff's attorney who is not a counsel of record in the case

(hereinafter referred to as the "Excluded Expert"). For purposes of this provision, any such person who has not worked in the automobile insurance industry for the past ten (10) years and has no intention of returning to work in the automobile insurance industry shall not be considered an Excluded Expert. In the event Plaintiffs choose to retain an Excluded Expert who is prohibited from reviewing Allstate's Confidential Information, Plaintiffs shall identify such expert and provide Allstate's undersigned counsel with the Excluded Expert's curriculum vitae, and Allstate in its sole discretion and in good faith will determine whether such Excluded Expert can review Allstate's Confidential Information. Nothing in the this provision precludes the Excluded Expert from reviewing Allstate's documents that are not designated as Confidential Information or re-designated as not confidential pursuant to the procedures described paragraph 13, *infra*; (iv) the Court in any further proceeding herein; (v) stenographic reporters, outside photo-copying services, and other outside administrative persons who are engaged in such proceedings or activities as are necessary to conduct this action; and (vi) persons to whom such is required as a consequence of the process of any court.

7. All Highly Confidential Information shall be maintained subject to the following restrictions:

    a. It shall be used solely for the purposes of this action and not for any business or other purposes whatsoever.

    b. It shall not be given, shown, made available, or communicated to anyone other than: (i) the producing person (including its agents and/or employees); (ii) inside or outside counsel for the parties to this proceeding (including their associates, paralegals, secretaries and employees); (iii) the Court in any further proceeding herein; and (iv) persons to whom such is required as a consequence of the process of any court.

8. Any party seeking to file any document of any nature (including, but not limited to, briefs, affidavits, motions, declarations, discovery responses and items of tangible evidence, such as computer disks) with the Court for any purpose that contain Confidential Information or Highly Confidential Information shall be filed in accordance with Administrative Order 2004-09 of the U.S. District Court for the Eastern District of New York, and in sealed envelopes or other sealed containers marked with the title of this proceeding and identifying each document and thing therein and bearing a statement substantially in the following form:

> This envelope containing the above-identified papers or items filed by [name of party] is not to be opened, and the contents thereof are not to be displayed or revealed except by order of the Court.

However, pleadings or other court filings that make reference to Confidential Information or Highly Confidential Information, but do not quote therefrom, or characterize and/or summarize the contents thereof, need not be filed under seal. Highly Confidential Information need not be filed under seal if the parties consent in writing prior to any such filing, and such consent may include an agreement between the parties to redact some or all of the Confidential Information or Highly Confidential Information contained in such filing.

9. All persons having access to information, documents, and things designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL (AATORNEYS' EYES ONLY)" shall be given a copy of this Confidentiality Agreement prior to being shown such documents and things and/or information, and its provisions shall be explained to them by an attorney of record. Each such person, prior to having access to said confidential documents and things and/or information, shall agree not to disclose to anyone not exempted by this Confidentiality Agreement any Confidential Information or Highly Confidential Information derived therefrom and not to make use of any such Confidential Information or Highly Confidential Information other than for

purposes of this Action and shall acknowledge in writing, by signing a document in the form of Exhibit A attached hereto that such person is fully conversant with the terms of this Confidentiality Agreement and agrees to comply with it and be bound by it.

10. Any document or other item designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL (ATTORNEYS' EYES ONLY)" may be used in the course of any deposition of the party producing such document without consent, and in any other deposition of any person bound by the terms and conditions of this Confidentiality Agreement pursuant to order of the Court, or with the consent of the party producing such document or item, subject to the condition that when such designated document or item is so used, the party who made the designation may notify the reporter that the portion of the deposition in any way pertaining to such designated document or item or any portion of the deposition relevant thereto is being taken pursuant to this Confidentiality Agreement.

11. The original and all copies of any deposition transcript shall, at the request of any attorney for a party, initially be fully subject to the relevant provisions of this Confidentiality Agreement. The attorney for a party thereafter shall have thirty (30) days after receipt of the transcript to designate those portions of the testimony that are deemed by the attorney to include Confidential Information or Highly Confidential Information. The reporter shall promptly conform the original copy and counsel shall conform their copies in accordance with counsel's designation. The portions so designated shall be separated and treated as provided in Paragraph 4 of this Confidentiality Agreement and shall be fully subject to the relevant provisions of this Confidentiality Agreement. After the expiration of such thirty (30) days, all portions not so designated shall be free from the provisions of this Confidentiality Agreement.

12. The inadvertent or unintentional production of documents containing Confidential Information or Highly Confidential Information without such designation shall not be deemed a waiver in whole or in part of a party's claim of confidentiality or privilege either as to the specific information disclosed therein or as to the same or related subject matter, provided that the party asserting the claim of confidentiality or privilege informs the opposing party of its claim within a reasonable time after learning that confidential or privileged documents had been inadvertently or unintentionally produced. The opposing party shall also promptly take all reasonable measures to ensure that no further unauthorized disclosure or use of such confidential information, or information contained therein, is made. No party shall have any liability under this Confidentiality Agreement for disclosing any information after the expiration of the initial thirty (30) day period referenced in paragraph 8 above and prior to the designation of the information as confidential.

13. Any party may request the party asserting confidentiality for:

    a. a change in the designation of any document, transcript and/or other information as "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL (ATTORNEYS' EYES ONLY)";

    b. a re-designation of "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL (ATTORNEYS' EYES ONLY)" documents, transcript, and/or other information as not confidential; and/or

    c. permission to disclose such "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL (ATTORNEYS' EYES ONLY)" documents, transcript, and/or other information to specified persons in addition to those specified herein.

For purpose of this paragraph, such request shall be by written notice served on counsel for the party who designated the subject matter as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL (ATTORNEYS' EYES ONLY)". Thereafter, counsel for the parties shall meet and confer, and they shall attempt to resolve any challenge in good faith on an expedited and informal basis. If resolution cannot be achieved, counsel for the requesting party shall provide written notice of such refusal not more than seven (7) days after the "meet and confer" date, unless otherwise agreed to between the parties. The responding party will have three days to respond, unless otherwise agreed to between the parties. If agreement cannot be reached at that time, the information shall not be disclosed unless the party seeking to make the disclosure brings the matter before the Court and the Court orders that the information may be disclosed. This Confidentiality Agreement shall continue to be applicable until the Court rules on any such motion.

14. This Confidentiality Agreement shall be without prejudice to the right of any party to oppose production of any information for lack of timeliness or relevance, privilege, or any other ground other than confidentiality. The right to object includes the right to assert an objection on the basis that the request calls for the disclosure of Confidential Information or Highly Confidential Information that a party does not believe can be adequately protected by this Confidentiality Agreement. In response to such objection, the party seeking disclosure of Confidential Information or Highly Confidential Information shall not be precluded from asserting that the terms of the Confidentiality Agreement are impeding the party's ability to obtain the discovery necessary to prepare their case.

15. On final determination of this litigation, including all appeals, each party or other person subject to the terms hereof shall, at the request of the producing party, destroy all

materials and documents constituting Confidential Information or Highly Confidential Information, all copies, summaries and abstracts thereof, and all other materials, memoranda or documents embodying data concerning said materials and documents constituting Confidential Information or Highly Confidential Information, and certify such destruction by letter to the producing party or nonparty within thirty (30) days of receiving the request of the producing party. The Court will have continuing jurisdiction to enforce this Confidentiality Agreement through this litigation and following its conclusion. The parties agree that any such enforcement proceedings will, subject to the schedule and approval of the Court, be determined on an expedited basis.

16. Any party for good cause may apply to the Court for a modification of this Confidentiality Agreement.

| JOHN SHEEHAN SPADARO, LLC | SEYFARTH SHAW LLP |
|---|---|
| By: /s/ John S. Spadaro | By: /s/ James S. Yu |
| John S. Spadaro (JS3769)<br>724 Yorklyn Road, Suite 375<br>Hockessin, Delaware 19707<br>(302) 235-7745 | James S. Yu (JY9734)<br>620 Eighth Avenue<br>New York, New York 10018-1405<br>(212) 218-5500 |
| Attorneys for Plaintiff<br>Shady Grove Orthopedic Assoc., PA. | Andrew T. Hahn, Sr. (AH6283) (Notice of Appearance Pending)<br>Duane Morris LLP<br>1540 Broadway<br>New York, NY 10036-4086<br>(212)692-1066 |
| | Attorneys for Defendant<br>Allstate Insurance Company |
| Dated: April 13, 2011 | Dated: April 13, 2011 |

SO ORDERED:

_____

_____, 2011

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
SHADY GROVE ORTHOPEDIC                        :   **ECF CASE**
ASSOCIATES, P.A.,                             :
on behalf of itself and all others            :   CV 06 1842 (NG)(JO)
similarly situated                            :
                                              :
        Plaintiffs,           :
                                              :
vs.                                           :
                                              :
ALLSTATE INSURANCE COMPANY,                   :
                                              :
        Defendant.            :
                                              :
------------------------------------------------------------x

## **EXHIBIT A TO NON-DISCLOSURE AGREEMENT**

I, _____, residing at _____, and having a place of business at _____, have read the Stipulated Confidentiality and Protective Order (the "Confidentiality Agreement") entered on _____, 2010, governing the production of Confidential Information and Highly Confidential Information. I understand the same, and I agree to be bound by its terms. I agree not to use or permit the use of any Confidential Information or Highly Confidential Information for any purposes other than in connection with this Litigation, and I agree not to use or permit the use of any such Confidential Information or Highly Confidential Information for any business or competitive purpose whatsoever. I further agree not to disclose any Confidential Information or Highly Confidential Information obtained pursuant to this Confidentiality Agreement to any person who is not also

bound by the terms of the Confidentiality Agreement except as I may be required as a consequence of the process of any court.

Signature: _____

Print name: _____

Address: _____

_____

Date: _____

13